IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

| | | |
|---|---|---|
| UNITED STATES | * | |
| | * | |
| | * | |
| VS. | * | |
| | * | NO: 4:08CR00013   SWW |
| JOSE LUIS QUINONES-REYES | * | |
| | * | |
| | * | |
| | * | |

### ORDER

Before the Court are motions by Defendant Jose Luis Quinones-Reyes ("Quinones-Reyes") to suppress evidence (docket entry #32) and statements (docket entry #31) and the Government's responses in opposition (docket entries #36, #37).  The matter came on for a hearing on May 9, 2008, and the Court made findings and oral rulings from the bench, denying the motions to suppress.  This order reduces those rulings to writing.  Additionally, this order addresses Quinones-Reyes's oral motion for a copy of a statement made by his co-defendant Sergio Zepeda-Carlon.  The Court originally denied the oral motion, but upon further reflection, the motion will be granted.

### Motion to Suppress Evidence

The indictment in this case charges Quinones-Reyes, Sergio Zepada-Carlon ("Zepada-Carlon"), and Maria Judith Zavalza-Yanez ("Zavalza-Yanez") with possession with intent to distribute approximately 19 kilograms of a substance containing cocaine, in violation of 21 U.S.C. § 841(a)(1).  Quinones-Reyes moved for suppression of physical evidence.  Counsel for

Zepada-Carlon and Zavalza-Yanez appeared at the May 9, 2008 suppression hearing and joined in Quinones-Reyes's motion to suppress evidence.

On December 30, 2007 Quinones-Reyes drove a BMW X5 SUV, in which Zepada-Carlon and Zavalza-Yanez were passengers, eastbound on Interstate 40 in Lonoke County, Arkansas. Arkansas State Police officer Victor Coleman observed the SUV cross the center line and the fog line, and he stopped the vehicle. Quinones-Reyes gave Coleman oral and written consent to search the vehicle. Coleman walked his drug dog, Scarlet, around the vehicle, and she alerted near the driver's side door. Coleman searched the interior of the vehicle and discovered evidence of a hidden compartment under the floor board. Coleman had the vehicle towed to the Lonoke County Detention Center, where cocaine was discovered in a hidden compartment under the floorboard.

In support their motion to suppress evidence of cocaine seized from the SUV, Defendants assert that the initial traffic stop was unjustified, and the search of the vehicle was unreasonable under the Fourth Amendment. As stated from the bench, the Court finds that the initial traffic stop was supported by probable cause or reasonable suspicion that a traffic violation had occurred. Additionally, the Court finds that Quinones-Reyes had authority to consent to the search of the vehicle, he gave oral and written consent for the search, his consent was voluntary and uncoerced, and he comprehended the choice that he was making. Further, the Court finds that Coleman's dog, Scarlet, is certified and reliable for the purpose of detecting drugs, and Coleman had probable cause to search the vehicle based on Scarlet's alert. Based on the Court's findings of fact and conclusions of law, and as stated from the bench, Defendants' motions to suppress physical evidence are denied.

**Motion to Suppress Statements**

As stated from the bench, the Court finds that Quinones-Reyes made no formal statements to law enforcement officers following his arrest. Quinones-Reyes gave only routine, biographical information including his name, date of birth, residence, and similar non-incriminating information. "It is well-settled that routine biographical data is exempted from *Miranda's* coverage." *United States v. Brown,* 101 F.3d 1272, 1274 (8th Cir. 1996)(citations omitted). "A request for routine information necessary for basic identification purposes is not interrogation under *Miranda*, even if the information turns out to be incriminating. Only if the government agent should reasonably be aware that the information sought, while merely for basic identification purposes in the usual case, is directly relevant to the substantive offense charged, will the question be subject to scrutiny." *United States v. McLaughlin*, 777 F.2d 388, 391-92 (8th Cir.1985). The Court finds that officers could not have expected basic identification inquiries to elicit incriminating responses from Quinones-Reyes, and the questioning did not constitute interrogation for *Miranda* purposes. Accordingly, the motion to suppress statements is denied.

**Oral Motion for Production of Statement by Defendant Zepeda-Carlon**

Near the conclusion of the suppression hearing, counsel for Defendants requested that the Court direct the Government to provide a copy of a statement that Defendant Zepeda-Carlon made to DEA agent Carlos Penagos. Initially, the Court denied the motion. However, after careful reconsideration, the Court concludes that the Government is obligated to provide a copy of the statement to each defendant.

In *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963), the Supreme Court held that

the Government has a duty to disclose to a defendant any evidence in its possession that is material and favorable to the defense. *See Brady*, 373 U.S. at 87, 83 S.Ct. at 1196-1197 (1963)("We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."). And in *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763 (1972), the Court held that *Brady* extends to evidence impeaching the credibility of a Government witness. *See Giglio*, 405 U.S. at 154, 92 S.Ct. at 766 (1972)(quoting *Napue v. Illinois*, 360 U.S. 264, 271 79 S.Ct. 1173, 1178 (1959)("When the 'reliability of a given witness may well be determinative of guilt or innocence,' non disclosure of evidence affecting credibility falls within this general rule.'")

At the suppression hearing, a video recording of the traffic stop showed that in response to Coleman's questioning, Defendant Zepeda-Carlon stated that he did not know the owner of the BMW. However, DEA agent Penagos testified that Zepeda-Carlon later provided a statement indicating that he did, in fact, know the owner of the BMW. In the event that Zepeda-Carlon testifies at trial, his credibility as a witness will be an important issue, and evidence of an inconsistent statement by him will be relevant. Accordingly, the Court finds that the Government is obligated to provide Defendants a copy of Zepeda-Carlon's statement to agent Penagos.

IT IS THEREFORE ORDERED that Defendant Quinones-Reyes's motion for suppression of physical evidence (docket entry #32), in which Defendants Zepada-Carlon and Zavalza-Yanez join, is DENIED.

IT IS FURTHER ORDERED Defendant Quinones-Reyes's motion for suppression of

statements (docket entry #31) is DENIED.

IT IS FURTHER ORDERED that Defendants' oral motion for a copy of Defendant Zepeda-Carlon's statement to DEA Agent Carlos Penagos is GRANTED. The Government is directed to provide each defendant a copy of the statement.

IT IS SO ORDERED THIS 16TH DAY OF MAY, 2008.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE